**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KEVIN P. CHARM, | Civil No. 11-4676 (NLH) |
| Plaintiff, |  |
| v. | **OPINION** |
| STATE OF NEW JERSEY, et al., |  |
| Defendants. |  |

**APPEARANCES:**

    KEVIN P. CHARM, #196887FL, Plaintiff Pro Se
    Atlantic County Justice Facility
    5060 Atlantic Ave
    Mays Landing, NJ 08330

**HILLMAN, District Judge**:

    Plaintiff, Kevin P. Charm, a prisoner incarcerated at Atlantic County Justice Facility, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915, asserting violation of his rights under 42 U.S.C. §1983, against the State of New Jersey and the Atlantic City Police Department. This Court will grant Plaintiff's application to proceed in forma pauperis. See 28 U.S.C. § 1915(b). Having reviewed Plaintiff's allegations, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

## I.   BACKGROUND

Kevin P. Charm brings this Complaint for violation of his constitutional rights under 42 U.S.C. § 1983 against the State of New Jersey and the Atlantic City Police Department.  The statement of facts in the Complaint consists of the following:

> On 6-23-2011, the arresting police officer in my case and charges of promoting prostitution, never read me my rights on 6-15-2011 when he said, I, approached him or arrested me or any female for that matter that, I, was suppose to of been promoting. nor[] on 6-23-2011 when he stopped me on Pacific & Florida Ave. did he not read me any of my rights[.] He just said do you know who I am, I, said No Sir, I, never ever seen you before in my life, he said What's your name[?]  I, said Kevin, he said Yes it's you your under arrest for promoting prostitution, I, want to know why if, I, did this why wasn't , I, and the female arrested on this day of 6-15-2011 and not just me 8 days later alone on false arrest [f]or something I wasn't aware of[?]
>
> *          *          *
>
> The defendant, falsely accuse me of being someone he believes fits the description of a person who app[]ar[e]ntly approached him with, a, woman to [e]ngage him in some company, and arrested me 8 days later, I, assumed let that person & his female friend go, and falsely arrest me and violated my rights by not reading me any rights at all, and falsely accusing me of a crime I, never committed in the State of New Jersey[.]

(Dkt. 1 at 4, 10.)

Plaintiff seeks the following relief:  "Have my indictment in Superior Court House in Mays Landing, N.J. be dismissed, because of my Fourth & Fifth Amendment Constitutional rights, being totally violated against me."  (Dkt. 1 at 5.)

2

## **II.   STANDARD OF REVIEW**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009), hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  To survive dismissal under Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1]   The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

inference that the defendant is liable for the misconduct alleged.' " Iqbal, 129 S. Ct. at 1949 (citation omitted). Officials may not be held liable under § 1983 for the unconstitutional misconduct of their subordinates. Id. at 1948-49. Rather, the facts set forth in the complaint must show that each government-official defendant, through the official's own individual actions, has violated the plaintiff's constitutional rights. Id. This Court must disregard labels, conclusions, legal arguments, and naked assertions. Id. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief", and will be dismissed. Id. (citations and internal quotation marks omitted); see also Santiago v. Warminster Township, 629 F. 3d 121, 130 (3d Cir. 2010); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do *more than allege the plaintiff's entitlement to relief*. A complaint has to "show" such an entitlement with its facts") (emphasis supplied). The Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007).

4

## III.  DISCUSSION

A court's initial task is to "tak[e] note of the elements [Plaintiff] must plead" in order to state a claim of liability under 42 U.S.C. § 1983.  See Iqbal, 129 S Ct. at 1947-48.  Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

First, the § 1983 claims against the State of New Jersey will be dismissed because a state is not a "person" subject to suit under § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Madden v. New Jersey State Parole Board, 438 F.2d 1189, 1190 (3d Cir. 1971).  The other defendant - the Atlantic City Police Department - will be construed as the City

of Atlantic City.  See Boneberger v. Plymouth Twp., 132 F.3d 20, 25 (3d Cir. 1997) (holding that, for purposes of § 1983, municipality and its police department are treated as a single entity).  However, "a municipality cannot be held liable solely because it employs a tortfeasor."  Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978).  Rather, "it is [only] when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Id. Because Plaintiff's allegations do not show that the execution of a policy or custom adopted by the City of Atlantic City inflicted any constitutional deprivation, the Complaint fails to state a claim against Atlantic City.  See Caldwell v. Egg Harbor Police Dep't, 362 Fed. App'x 250, 252 (3d Cir. 2010).  As the Complaint does not assert a cognizable claim against either of the named defendants, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

However, Plaintiff may be able to state a cognizable claim under § 1983 by filing an amended complaint against Atlantic City and/or the individual(s) who allegedly caused violation of Plaintiff's constitutional rights.  This Court will grant Plaintiff 30 days to file an amended complaint stating a cognizable Fourth Amendment claim with respect to Plaintiff's

arrest.[2]  See Phillips v. County of Allegheny, 515 F.3d 224, 245-46 (3d Cir. 2008).

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.

                                                        s/ Noel L. Hillman  
                                                    **NOEL L. HILLMAN, U.S.D.J.**

Dated:     April 24   , 2012

At Camden, New Jersey

---

[2] Plaintiff alleges in the Complaint that his arrest is unconstitutional because he is innocent.  However, the arrest of an innocent person is not in and of itself unconstitutional; "when an officer has probable cause to believe a person committed even a minor crime . . , the arrest is constitutionally reasonable."  Virginia v. Moore, 553 U.S. 164, 171 (2008).  In addition, Plaintiff claims that the failure to read him his rights at the time of his arrest violated the Fifth Amendment.  However, "questioning a plaintiff in custody without providing Miranda warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against [him] at trial," Renda v. King, 347 F.3d 550, 557-58 (3d Cir. 2003); see also Chavez v. Martinez, 538 U.S. 760 (2003), and in this Complaint, Plaintiff does not assert that his statement was used against him at trial to obtain a criminal conviction.  See Renda, 347 F.3d at 559.  Finally, Plaintiff asks this Court to dismiss his state indictment, but such relief is barred by Younger v. Harris, 401 U.S. 37 (1971).